IN THE CIRCUIT COURT FOR ST. CHARLES COUNTY
ASSOCIATE CIRCUIT COURT
11TH JUDICIAL DIVISION
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL MC MURTREY | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO._____ |
| | ) |
| NATIONAL HEALTHCARE COLLECTIONS, LLC | ) |
| | ) |
| Serve at: | ) |
| Dwayne A. Johnson, Reg. Agent | ) |
| 220 Salt Lick Road | ) |
| St. Peters, MO 63376 | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## PETITION

COMES NOW, Plaintiff, Michael McMurtrey, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq..

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the FDCPA claims under 15 USC 1692k (d). Venue is appropriate in this Court because Defendant's registered agent, principal office, and place of business is in St. Charles County, Missouri and because all of the illicit conduct that is the subject of this Petition occurred in and originated from St. Charles County, Missouri.

### PARTIES

3. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA.

1

4. Defendant is attempting to collect two debts from Plaintiff in the supposed amount of $40 each. Plaintiff believes both "debts" actually refer to just a single debt in the amount of $40.

5. The alleged debts Plaintiff owe arise out of consumer, family, and household transactions- specifically medical services allegedly performed by St. Luke's Physician Specialists.

6. Plaintiff disputes the validity of the debts as described more fully herein.

7. Defendant is a Missouri limited liability company with its principal place of business at, upon information and belief, 220 Salt Lick Road, St. Peters, MO 63376. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

9. Beginning on approximately March 11, 2011, Defendant began to attempt to collect the alleged $40 debt referenced by "Account 103745" from Plaintiff.

10. On that date, Defendant sent a collection letter to Plaintiff. The letter was dated March 11, 2011 and Plaintiff received it within several days of March 11, 2011.

11. This was the initial collection communication with respect to Account 103745.

12. The March 11, 2011 collection letter contained a confusing payment scheme whereby Defendants told Plaintiff that, in addition to the amount of the debt, Plaintiff would be charged "$5 per month on all payment plans" in addition to a "$1.25 per transaction charge" for certain methods of payment.

13. Defendants' payment scheme was impossible for Plaintiff to understand.

2

14. Even if Plaintiff wanted to pay the debt in full, he had no idea how much money it would actually take to satisfy Defendants. Plaintiff was unsure that if he was paying the debt in a single month if he should add $5, $1.25, or $6.25 to the amount due.

15. Plaintiff responded to Defendants' letter of March 11, 2011 by sending Defendants a formal written dispute via certified mail on March 24, 2011. Defendants received the letter on March 25, 2011 at 11:34am.

16. In this dispute letter, Plaintiff explained that the medical services that led to the supposed debt were never performed and that there was no way Plaintiff could owe a debt to St. Luke's. Plaintiff also demanded that Defendants validate the debt.

17. In this dispute letter, Plaintiff further explained that he formally disputed the debt and requested validation of the debt.

18. Defendant simply ignored Plaintiff's dispute and did nothing to respond to the dispute and failed to validate the debt.

19. Instead, Defendant resumed collection efforts on the debt.

20. On or about July 6, 2011, Defendant sent Plaintiff another collection letter for the $40 debt due to St. Luke's, but this time the letter referenced Account 108364.

21. This letter was similar to Defendant's earlier letter and had the same confusing payment scheme as Defendant's earlier letter.

22. Upon information and belief, Account 108364 and Account 103746 are one in the same.

23. To be safe, Plaintiff also mailed a formal written dispute to Defendant after receiving the July 6, 2011.

24. Defendant failed to acknowledge the dispute and failed to provide any validation of the debt.

25. Plaintiff never agreed to arbitrate any disputes with Defendant.

3

26. All of Defendants' above described conduct has caused Plaintiff to suffer actual damages including but not charges and fees associated with certified mailings sent to Defendant and has also caused Plaintiff to suffer anxiety, emotional distress, and sleeplessness.

### COUNT I: VIOLATIONS OF THE FDCPA

27. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28. In its attempts to collect the alleged debts from Plaintiff, Defendants have committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Using unfair or unconscionable means to collect or attempt to collect the alleged debts, including but not limited to collection of unauthorized amounts including the "service charges" set forth in the collection letter, and engaging in a pattern of harassment by repeatedly ignoring Plaintiff's valid dispute of the debt. 15 U.S.C. § 1692d-f.

   b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

   c. Employing unfair, unconscionable and deceptive tactics in collection letters including but not limited to undecipherable payment schemes, and ignoring valid disputes of the debt. 15 U.S.C. § 1692d-f.

   d. Overshadowing and ignoring Plaintiff's rights to request validation and to dispute the debt. 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Declaratory judgment that Defendants' conduct violated the FDCPA;

   B. Actual damages;

4

Electronically Filed - St Charles County - Circuit Court - March 07, 2012 - 04:20 PM CST

C. Release of the alleged debt, or debts in the case that Defendant is attempting to collect multiple debts;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k) for both debts in the case that Defendant is attempting to collect multiple debts; and

E. For such other relief as the Court may deem just and proper.

EASON & VOYTAS, LLC

/s/ Richard A. Voytas, Jr.
RICHARD A. VOYTAS, JR. #52046
JAMES W. EASON, #57112
Eason & Voytas, LLC
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161

5